**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH ARDINO and LISA ARDINO, on behalf of themselves and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>DAVID B. WATNER, ESQ., and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, JOSEPH ARDINO and LISA ARDINO, on behalf of themselves and all others similarly situated (hereinafter "Plaintiff") by and through their undersigned attorney, alleges against the above-named Defendant, DAVID B. WATNER, ESQ., ("WATNER"), JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff, Joseph Ardino is a natural person and a resident of Union County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff, lisa Ardino is a natural person and a resident of Union County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3)

8. WATNER maintains a location at 1129 Bloomfield Avenue, Suite 208, West Caldwell, New Jersey 07007-6189.

9. Upon information and belief, WATNER uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. WATNER is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

11. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey

consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

13. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent communications from WATNER concerning a debt and/or obligation owed to another, which included the alleged conduct and practices described herein.

- <u>The class definition may be subsequently modified or refined</u>.
- <u>The Class period begins one year to the filing of this Action</u>.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit C and D** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the Defendant violated various provisions of the FDCPA.

    b.    Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal

redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiffs are at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. On or before October 14, 2015, Plaintiffs allegedly incurred a financial obligation to Lawrence A. Dobrin, D.M.D. ("DOBRIN").

16. The DOBRIN obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The DOBRIN obligation arose out of a transaction, which was not for business purposes.

18. The DOBRIN obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. DOBRIN is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. On or before October 14, 2015, the DOBRIN obligation was referred to WATNER for the purpose of collection.

21. At the time the DOBRIN obligation arose out of a transaction obligation was placed WATNER the DOBRIN obligation was past due.

22. WATNER caused to be delivered to Plaintiff a letter dated October 14, 2015, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A.**

23. The October 14, 2015 letter was the date of the initial communication from WATNER to Plaintiff.

24. The October 14, 2015 letter stated in part:

OCTOBER 14, 2015

JOSEPH & LISA ARDINO
475 RAGLAND DR
ROSELLE PARK, NJ 07204

RE: LAWRENCE A. DOBRIN, D.M.D.

FILE NO: 779-000111

AMOUNT DUE: $1230.13

DEAR MR. & MRS. ARDINO :

MY FIRM HAS BEEN RETAINED TO REPRESENT THE ABOVE NAMED CLIENT. DEMAND IS HEREBY MADE FOR THE PAYMENT OF YOUR OUTSTANDING BALANCE AS SHOWN ABOVE.

25. The October 14, 2015 letter was sent to Plaintiff in connection with the collection of the DOBRIN obligation.

26. Upon receipt, Plaintiff read the October 14, 2015 letter.

27. The October 14, 2015 letter stated:

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE

> USED FOR THAT PURPOSE. THIS DEBT WILL BE ASSUMED TO BE VALID BY ATTORNEY UNLESS THE CONSUMER, WITHIN 30 DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTES THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF. IF THE CONSUMER NOTIFIES ATTORNEY IN WRITING WITHIN THE 30 DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF IS DISPUTED, ATTORNEY WILL OBTAIN VERIFICATION OF THE DEBT AND WILL MAIL IT TO CONSUMER. ATTORNEY WILL ALSO SEND CONSUMER THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.

28. On October 19, 2015, Plaintiffs through their attorney disputed the DOBRIN obligation in writing. **Exhibit B**.

29. The October 19, 2015 letter stated in part:

> This firm has been retained to represent the interest of Joseph Ardino and Lisa Ardino, relative to the above-referenced matter.
>
> Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Mr. and Mrs. Ardino. Furthermore, Mr. and Mrs. Ardino, hereby revoke any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to contact them on their mobile telephone, whether by calling, texting or emailing or to any facsimile device.

30. 15 U.S.C. §1692c(a)(2) provides:

> … a debt collector may not communicate with a consumer in connection with the collection of any debt –
>
>     (2)  the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

31.    15 U.S.C. §1692c(c) provides:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to the debt…..

32.    On or about May 21, 2019, WATNER send a letter directly to Plaintiffs concerning the DOBRIN obligation. **Exhibit C**.

33.    The May 21, 2019 letter stated in part: "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose".

34.    The May 21, 2019 letter was sign by David B. Watner, Esq.

34.    On or about August 2, 2019, WATNER send a letter directly to Plaintiffs concerning the DOBRIN obligation. **Exhibit D**.

35.    The August 2, 2019 letter stated in part: "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose".

36.    WATNER knew or should have known that its actions violated the FDCPA.

37.    WATNER could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

38.    It is WATNER's policy and practice to send written subsequent collection communications, in the form annexed hereto as **Exhibit C and Exhibit D**, which violate the FDCPA, by *inter alia*:

      (a)      Communicating with Plaintiffs, after receiving writing notice that Plaintiffs were represented by an attorney; and

      (b)      Communicating with Plaintiffs, after receiving writing notice to cease and desist all communications with Plaintiffs

39. On information and belief, WATNER sent written communications in the form annexed hereto as **Exhibit C and  Exhibit D**, to at least 40 natural persons in New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

40. Plaintiffs, on behalf of themselves and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

41. Collection letters and/or notices, such as those sent by WATNER, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

42. WATNER violated 15 U.S.C. §1692c(a)(2) by sending written communications directly to Plaintiffs' on or about May 21, 2019 and August 2, 2019, after receiving written notice that Plaintiff were represented by an attorney with respect to the alleged debt.

43. WATNER violated 15 U.S.C. §1692c(c) by sending written communications directly to Plaintiffs' on or about May 21, 2019 and August 2, 2019, after receiving written notice to cease and desist all communications directly with Plaintiffs concerning the alleged debt.

44. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

45. Plaintiffs and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

46. Plaintiffs and others similarly situated were sent letters, and/or notices, which would have affected their decision-making with regard to the debt.

47. Plaintiffs and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

48. Plaintiffs have suffered damages and other harm as a direct result of WATNER's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiffs demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: August 8, 2019

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: August 8, 2019

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

**DAVID B. WATNER**
ATTORNEY AT LAW
1129 BLOOMFIELD AVE., SUITE 208
PO BOX 6189
WEST CALDWELL, NEW JERSEY 07007-6189
-----------------------
(973) 244-0062 * FAX (973) 244-0079
E-MAIL: DAVIDWATNER@AOL.COM

OCTOBER 14, 2015

JOSEPH & LISA ARDINO

RE: LAWRENCE A. DOBRIN, D.M.D.

FILE NO:
AMOUNT DUE: $1230.13

DEAR MR. & MRS. ARDINO :

MY FIRM HAS BEEN RETAINED TO REPRESENT THE ABOVE NAMED CLIENT. DEMAND IS HEREBY MADE FOR THE PAYMENT OF YOUR OUTSTANDING BALANCE AS SHOWN ABOVE.

IF PAYMENT IS NOT MADE, I WILL PROCEED WITH FURTHER COLLECTION ACTIVITY IN AN EFFORT TO COLLECT THIS INDEBTEDNESS.

PAYMENT MUST BE SENT DIRECTLY TO MY OFFICE – CHECK OR MONEY ORDER SHOULD BE MADE PAYABLE TO: LAWRENCE A. DOBRIN, D.M.D..

VERY TRULY YOURS,

DAVID B. WATNER

DBW: JC

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS DEBT WILL BE ASSUMED TO BE VALID BY ATTORNEY UNLESS THE CONSUMER, WITHIN 30 DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTES THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF. IF THE CONSUMER NOTIFIES ATTORNEY IN WRITING WITHIN THE 30 DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF IS DISPUTED, ATTORNEY WILL OBTAIN VERIFICATION OF THE DEBT AND WILL MAIL IT TO CONSUMER. ATTORNEY WILL ALSO SEND CONSUMER THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.

# Exhibit

# B

*Law Offices of*
# Joseph K. Jones, LLC
Attorney at Law

---

| | | |
|---|---|---|
| 375 Passaic Avenue<br>Suite 100<br>Fairfield, New Jersey 07004<br>973-227-5900<br>facsimile 973-244-0019 | <u>Admitted to Practice</u><br>New York<br>New Jersey<br>Connecticut<br><br>*Reply to: New York* | 555 Fifth Avenue<br>Suite 1700<br>New York, NY 10017<br>646-459-7971<br>facsimile 646-459-7973 |
| Joseph K. Jones, Esq.<br>jkj@legaljones.com | | Benjamin J. Wolf, Esq.<br>bwolf@legaljones.com |

October 19, 2015

**Via Facsimile (973) 244-0079, Certified Mail 7014 1820 0000 6390 6597 and First Class Mail**
David B. Watner
Attorney At Law
1129 Bloomfield Ave
Suite 208
West Caldwell, NJ 07007-6189

      Re:    Joseph & Lisa Ardino
              Your Client: Lawrence A. Dobrin, D.M.D.
              File No: ■■■■■■■■

To Whom It May Concern:

    This firm has been retained to represent the interest of Joseph Ardino and Lisa Ardino, relative to the above-referenced matter.

    Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Mr. and Mrs. Ardino. Furthermore, Mr. and Mrs. Ardino, hereby revoke any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to contact them on their mobile telephone, whether by calling, texting or emailing or to any facsimile device.

    As provided for under 15 U.S.C. §1692g(b), my clients disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor. Kindly forward all such information to our <u>New York</u> office. Additionally, pursuant to 15 U.S.C. §1692e(8), if David B. Watner, is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

    Your anticipated cooperation in this matter is appreciated.

                            Very truly yours,
                            Law Offices of Joseph K. Jones, LLC

                            */s/ Joseph K. Jones*
                            Joseph K. Jones
                            Attorney at Law

JKJ: dp
cc:  Joseph & Lisa Ardino

```
x  x  x  Communication Result Report ( Oct. 19. 2015 10:17AM )  x  x  x
                                                                    1)
                                                                    2)

Date/Time: Oct. 19. 2015 10:11AM

File                                                                    Page
No.  Mode          Destination              Pg(s)      Result       Not Sent
-----------------------------------------------------------------------------
0009 Memory TX     19732440079              P.  1      OK


Reason for error
    E. 1) Hang up or line fail            E. 2) Busy
    E. 3) No answer                       E. 4) No facsimile connection
    E. 5) Exceeded max. E-mail size
```

---

Law Offices of
## Joseph K. Jones, LLC
### Attorney at Law

| 375 Passaic Avenue<br>Suite 100<br>Fairfield, New Jersey 07004<br>973-227-5900<br>facsimile 973-244-0019<br><br>Joseph K. Jones, Esq.<br>jkj@legaljones.com | *Admitted to Practice*<br>New York<br>New Jersey<br>Connecticut<br><br>*Reply to: New York* | 555 Fifth Avenue<br>Suite 1700<br>New York, NY 10017<br>646-459-7971<br>facsimile 646-459-7973<br><br>Benjamin J. Wolf, Esq.<br>bwolf@legaljones.com |

October 19, 2015

Via Facsimile (973) 244-0079, Certified Mail 7014 1829 0699 6390 6597 and First Class Mail
David B. Watner
Attorney At Law
1129 Bloomfield Ave
Suite 203
West Caldwell, NJ 07007-6189

Re:   Joseph & Lisa Ardino
      Your Client: Lawrence A. Dobrin, D.M.D.
      File No: ▓▓▓▓▓▓▓▓

To Whom It May Concern:

    This firm has been retained to represent the interest of Joseph Ardino and Lisa Ardino, relative to the above-referenced matter.

    Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Mr. and Mrs. Ardino. Furthermore, Mr. and Mrs. Ardino, hereby revoke any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to contact them on their mobile telephone, whether by calling, texting or emailing or to any facsimile device.

    As provided for under 15 U.S.C. §1692g(b), my clients disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor. Kindly forward all such information to our New York office. Additionally, pursuant to 15 U.S.C. §1692e(8), if David B. Watner, is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

Your anticipated cooperation in this matter is appreciated.

Very truly yours,
Law Offices of Joseph K. Jones, LLC

/s/ Joseph K. Jones
Joseph K. Jones
Attorney at Law

JKJ: dp
cc:   Joseph & Lisa Ardino

# Exhibit C



# DAVID B. WATNER
### ATTORNEY AT LAW
1129 BLOOMFIELD AVENUE, SUITE 208
P.O. BOX 6189
WEST CALDWELL, NJ 07007-6189
PHONE: (973) 244-0061 • FAX: (973) 244-0079
E-MAIL: DAVIDWATNER@AOL.COM

May 21, 2019

Joseph Ardino & Lisa Ardino
475 Ragland Dr
Roselle Park, NJ 07204

RE: Lawrence A. Dobrin DMD
     File No.:
     Amount Due: $1,230.13

Dear Joseph Ardino & Lisa Ardino:

As per your prior request a copy of the itemized billing of account was provided however to date the balance remains outstanding.

Please remit to our office by check or money order. If needed we are able to accept monthly installments. Thank you.

Sincerely,

David B. Watner, Esq.

DBW:jc

Notice pursuant to 15 U.S.C. 1692 et seq.:
This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

# Exhibit D

**DAVID B. WATNER**
ATTORNEY AT LAW
1129 BLOOMFIELD AVE., SUITE 208
PO BOX 6189
WEST CALDWELL, NEW JERSEY 07007-6189
-----------------------
(973) 244-0062 * FAX (973) 244-0079
E-MAIL: DAVIDWATNER@AOL.COM

AUGUST 02, 2019

JOSEPH & LISA ARDINO

███████████████

RE: LAWRENCE A. DOBRIN, D.M.D.

FILE NO: ███████████
AMOUNT DUE: $1230.13

DEAR MR. & MRS. ARDINO :

    I HAVE PREVIOUSLY SENT YOU A NOTICE CONCERNING THIS MATTER AND YOU HAVE FAILED TO REPLY. THIS IS TO ADVISE YOU THAT UNLESS PAYMENT IS RECEIVED AT THIS OFFICE, WE OR OUR CLIENT MAY TAKE FURTHER COLLECTION ACTION AGAINST YOU.

    IN ORDER TO AVOID FURTHER ACTION WHICH MAY IMPACT YOUR CREDIT, PLEASE CONTACT MY OFFICE TO MAKE ARRANGEMENTS TO PAY THIS DEBT.

    ALL PAYMENTS MUST BE SENT DIRECTLY TO MY OFFICE - CHECK OR MONEY ORDER SHOULD BE MADE PAYABLE TO: LAWRENCE A. DOBRIN, D.M.D..

VERY TRULY YOURS,

DAVID B. WATNER

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.